IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE:<br>LA PALOMA GENERATING<br>COMPANY LLC, *et al.*,<br><br>Debtors. | :<br>:<br>:<br>:<br>:<br>: | Chapter 11<br>Bankr. Case No. 16-12700-JTD[1]<br>(Jointly Administered) |
| PETER KRAVITZ, solely in his capacity as the Liquidating Trustee of the La Paloma Liquidating Trust,<br><br>Appellant,<br>v.<br><br>CALIFORNIA STATE BOARD OF EQUALIZATION,<br><br>Appellee. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civ. No. 18-1759-LPS |

## **MEMORANDUM**

### I. **INTRODUCTION**

Pending before the Court is an appeal (D.I. 1) by Peter Kravitz, in his capacity as liquidating trustee ("Liquidating Trustee") of the La Paloma Liquidating Trust ("Trust") from the Bankruptcy Court's July 25, 2018 decision, *In re La Paloma Generating Company*, 588 B.R. 695 (Bankr. D. Del. 2018) ("Opinion"), and related order (B.D.I. 1207)[2] ("Order"). The appeal stems from litigation between Appellant and the California State Board of Equalization ("SBE") whereby La Paloma Generating Company, LLC and its affiliated debtors ("Debtors" or "La Paloma") sought a property tax refund for the 2012–2016 tax years (the "Tax Dispute") on

---

[1] The Opinion was issued by the Honorable Christopher S. Sontchi. By order dated June 12, 2019, the Chapter 11 cases were reassigned to the Honorable John T. Dorsey. (B.D.I. 1326)

[2] The docket of the Chapter 11 cases, captioned *In re La Paloma Generating Co., LLC,* Case No. 16-12700-JTD (Bankr. D. Del.), is cited herein at "B.D.I. ___." Appellant's appendix in support of its opening brief (D.I. 19, 20, 21) is cited herein as "AA___."

account of real property taxes paid in connection with the Debtors' formerly-owned electric generating facility located in Kern County, California (the "Facility").

In connection with the Tax Dispute, the Bankruptcy Court entered its Opinion ruling on SBE's Motion for Summary Judgment as to its Jurisdictional Defenses (B.D.I. 1040) ("Summary Judgment Motion"), which was treated as a motion to dismiss for lack of subject matter jurisdiction. *See La Paloma*, 588 B.R. at 702. In SBE's supporting brief (B.D.I. 1043), SBE argued that the Bankruptcy Court had no jurisdiction to decide the Tax Dispute, based on Eleventh Amendment sovereign immunity. (AA702) In the alternative, SBE argued that if the Bankruptcy Court does have jurisdiction to adjudicate the Tax Dispute, then Appellant's potential tax refund should be "capped" by operation of Section 505 of the Bankruptcy Code. (AA703-04) In his thorough Opinion, the Honorable Judge Christopher S. Sontchi determined that SBE is correct about its Eleventh Amendment sovereign immunity defense and, consequently, that the Tax Dispute must be dismissed. *See La Paloma*, 588 B.R. at 735. The Opinion, however, included additional substantive rulings adverse to Appellant with respect to aspects of the merits of the Tax Dispute. *See id.* at 709-16.

Appellant moved for reconsideration of the Opinion (AA1579-1602) ("Motion for Reconsideration") to vacate those findings, which the Bankruptcy Court denied (AA1697-98) ("Denial Order"). Appellant has timely appealed the Opinion, Order, and the Denial Order. (D.I. 1) The merits of the appeal are fully briefed. (D.I. 18, 19, 20, 21, 22 & 23) The Court did not hear oral argument because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

## II. BACKGROUND

### A. The Tax Dispute

The Tax Dispute was litigated initially in the Superior Court of the State of California, Los Angeles County (the "Superior Court"), and later in the Bankruptcy Court. On January 3, 2017, La Paloma filed its complaint in the Superior Court, which alleges that the assessed property values developed by SBE and used by Kern County, California ("Kern County") to assess certain property taxes for the 2012–2016 tax years (the "Property Taxes") far exceeded the fair market values of the Facility. (AA81-93) Accordingly, La Paloma sought an adjustment in the assessed valuation of the Facility and a determination that the Property Taxes properly payable to Kern County should be significantly reduced. (AA89-90)

On December 6, 2016, the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. (AA1-56) On November 6, 2017, the Bankruptcy Court entered an order (AA479-595) (the "Confirmation Order") confirming the Debtors' Chapter 11 plan ("Plan"). On December 4, 2017, the Plan became effective. (AA596-98) In accordance with Article VI of the Plan and paragraph 62 of the Confirmation Order, on the Plan's effective date, (i) a certain liquidating trust agreement was executed by the Debtors and the Liquidating Trustee (i.e., Appellant), and (ii) certain liquidating trust assets (which included the Debtors' tax refund claim) were deemed transferred to the Liquidating Trust. (AA453-56; AA513) In accordance with the Plan, Appellant is the judicial substitute for the Debtors in their Chapter 11 cases.

On March 16, 2017, the Debtors filed their *Motion for Entry of an Order, Pursuant to 11 U.S.C. § 505, Determining the Taxable Value of the Facility and Debtors' Entitlement to Related Property Tax Refunds* (AA61-94) (the "Determination Motion"). Pursuant to the Determination Motion, the Debtors sought entry of an order providing that the Bankruptcy Court would exercise its authority under Section 505 of the Bankruptcy Code to adjudicate the Tax Dispute

3

and Debtors' asserted entitlement to a refund of the Property Taxes, rather than the Superior Court. (AA71) SBE objected to the Determination Motion, and Kern County filed no response. (AA95-127) Following a hearing, the Bankruptcy Court granted the Determination Motion and ruled that it would "exercise jurisdiction over this issue and dispute under 505" and observed that "all the factors, 505(a) have been met, at least on a facial basis." (AA178) In sum, by granting the Determination Motion, the Bankruptcy Court ruled that it, rather than the Superior Court, would hear the Tax Dispute. (AA178-81) After the Determination Motion was granted, the litigation in the Superior Court was stayed.

La Paloma and SBE thereafter entered into a series of stipulated orders that were approved by the Bankruptcy Court to govern the litigation of the Tax Dispute, including discovery and briefing. (AA130-33; AA203-04; AA599-01; AA636-39) Pursuant to the schedule approved by the Bankruptcy Court in certain of those orders, on January 30, 2018, SBE filed the Summary Judgment Motion and brief in support thereof. (AA693-94; AA695-725) Appellant opposed the Summary Judgment Motion. (AA726-88) In its supporting brief, SBE asserted, in the first instance, that it was entitled to an Eleventh Amendment sovereign immunity defense that deprived the Bankruptcy Court of any jurisdiction to hear the Tax Dispute. (AA702) In the alternative, SBE asserted that if the Bankruptcy Court had jurisdiction to adjudicate the Tax Dispute, then the Debtors' maximum recovery was "capped" by operation of Section 505 of the Bankruptcy Code. (AA703-04)

### B. The Opinion

On March 6, 2018, the Bankruptcy Court heard oral argument on the Summary Judgment Motion. (AA1305-1481) At the conclusion of that hearing, the Bankruptcy Court adjourned the trial on the Tax Dispute pending issuance of a decision on the Summary Judgment Motion. *La Paloma*, 588 B.R. at 704 ("As jurisdiction to hear the [Tax Dispute] is a gating issue, the Court

4

canceled the substantive trial on the [Tax Dispute] until it could issue this Opinion on SBE's Motion.") On July 25, 2018, the Bankruptcy Court entered the Opinion and Order granting the Summary Judgment Motion. (AA1510-75; AA1576-78)

Following a detailed and thorough analysis of the parties' arguments, Judge Sontchi determined that SBE is entitled to its asserted Eleventh Amendment sovereign immunity defense and, consequently, that "the Tax Dispute must be dismissed from this court" ("Sovereign Immunity Ruling"). *La Paloma*, 588 B.R. at 717-35. The Sovereign Immunity Ruling included an "intricate dissection" clarifying the intersection of bankruptcy law and sovereign immunity.[3] The Sovereign Immunity Ruling is not at issue in this appeal.

Instead, the subjects of this appeal are certain additional rulings adverse to Appellant with respect to the Tax Dispute ("Section 505 Findings"), which were set forth in the context of the Bankruptcy Court's subject matter jurisdiction analysis under Section 505 of the Bankruptcy Code. *See La Paloma*, 588 B.R. at 709-16. Indeed, the Bankruptcy Court began with its subject matter jurisdiction analysis, noting that, "[f]ollowing Third Circuit law, to the extent the non-sovereign immunity defense can resolve SBE's [Summary Judgment] Motion, there is no need to address the Eleventh Amendment defense. Accordingly, this Court will first review the § 505 statutory argument and then turn to the issue of sovereign immunity." *Id.* at 710.[4]

---

[3] *See In re Venoco, LLC*, 596 B.R. 480, 487 (Bankr. D. Del. 2019) (quoting William Rochelle, Editor at Large of American Bankruptcy Institute, from Mr. Rochelle's August 1, 2018 column).

[4] The Third Circuit has recognized that, to the extent a court can *fully* resolve a controversy before it without having to address a constitutional argument – such as SBE's Eleventh Amendment defense – a court should do so. *See Spicer v. Hilton*, 618 F.2d 232, 239 (3d Cir. 1980) ("However, it is well established that courts have a duty to avoid passing upon a constitutional question if the case may be disposed of on some other ground."). In this case, the Bankruptcy Court's Section 505/Jurisdictional Findings did not dispense with the entirety of the Tax Dispute and did not result in the Bankruptcy Court being able to avoid addressing the Eleventh Amendment constitutional issue raised by SBE. "Given that the section 505 analysis does not fully resolve the Tax Dispute, the Court will now consider SBE's claim of immunity

5

Section 505 of the Bankruptcy Code provides that a bankruptcy court "may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid . . . ." 11 U.S.C. § 505(a)(1). However, Section 505 contains certain limitations and provides that a court may *not* determine:

> (B) any right of the estate to a tax refund, before the earlier of –
>
> (i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or
>
> (ii) a determination by such governmental unit of such request . . . .

11 U.S.C. § 505(a)(2). The Third Circuit has interpreted the "properly requests such refund" language of Section 505 as a limitation of the bankruptcy court's jurisdiction to determine the right to refunds: a bankruptcy court may award such refunds if they have been "properly requested" from the governmental unit. *See City of Perth Amboy v. Customer Distribution Servs. Inc. (In re Custom Distribution Servs. Inc.)*, 224 F.3d 235, 243-44 (3d Cir. 2000). SBE argued that Section 505 limits the Bankruptcy Court's subject matter jurisdiction because: (i) no "trustee" had requested a refund (as La Paloma requested the refund prior to the Petition Date); and (ii) La Paloma only requested $3.5 million in refunds from SBE and as such would be capped at "such amount" properly requested (i.e., the Court could not award a higher refund than La Paloma previously requested). *See La Paloma*, 588 B.R. at 711.

The Opinion undertakes a detailed analysis of what satisfies the "properly request[ed]" requirement, which required the Bankruptcy Court to construe California statutes and apply state case law. *See id.* at 710-16. The Opinion ultimately determined that (i) La Paloma's preliminary

---

from suit." *Id.* at 716-17. The Bankruptcy Court ultimately concluded that "SBE's sovereign immunity defense is proper and the Tax Dispute must be dismissed from this court." *La Paloma*, 588 B.R. at 735. As the Bankruptcy Court's section 505 analysis did not fully resolve the Summary Judgment Motion, the Opinion then turned to SBE's sovereign immunity argument. *See id.* at 716-23.

6

opinion of value, stated on its administrative petitions for reassessment (the "Petitions") to appeal the assessed values of the Property, placed a "cap" or limit on any potential refund that could be obtained; and (ii) La Paloma's agreement with the SBE staff about a reduction in value for the Petition challenging La Paloma's assessment in 2012 constituted a failure to exhaust administrative remedies for that year, barring any judicial review.

On appeal, Appellant argues that "[t]he Bankruptcy Court made two erroneous procedural rulings that, if permitted to stand, collectively reduce the potential refund sought by Appellant from approximately $14 million to only $3.5 million." (D.I. 18 at 32) "The first is that La Paloma's preliminary opinion of value, stated on the Petitions to appeal the assessed values of the Property, 'capped' or limited any potential refund that could be obtained because the Petitions were designated as claims for refund. The second is that La Paloma's agreement with the SBE staff about a reduction in value for the Petitions challenging La Paloma's assessment in 2012 constituted a failure to exhaust administrative remedies for that year, barring any judicial review." (*Id.* at 32) According to Appellant, both determinations violate California property tax law. (*Id.*) "The SBE is required to assess property at its fair market value and refund taxes on valuations in excess of that value (Rev. & Tax. Code, §§ 1096, 5144) without limitation by taxpayer opinions of value. This is so because the amount of refund is measured by the administrative determination (Rev. & Tax. Code, § 5097.2) and judicial trial *de novo* (Rev. & Tax. Code, § 5148)." (*Id.* at 32-33) "Further, exhaustion of administrative remedies, which is governed by a 'notification standard,' is satisfied by filing a petition and obtaining a final decision from the SBE, which requirements La Paloma met here." (*Id.* at 33) (*citing Sprint Telephony v. SBE*, 238 Cal. App. 4th 871, 880-81 (2015))

Appellant moved for limited reconsideration of the Opinion (AA1579-1602) ("Motion for Reconsideration") to vacate the Section 505 Findings in light of the Bankruptcy Court's

7

dismissal of the Tax Dispute on sovereign immunity grounds. Following oral argument, the Bankruptcy Court ruled from the bench and denied the Motion for Reconsideration. (*See* AA1670-78, 10/9/18 Hr'g Tr. (bench ruling); *see also* AA1697-98 (denying Motion for Reconsideration "for the reasons set forth on the record at the [October 9, 2018] Hearing")) The Bankruptcy Court noted:

> The cases cited by the Trustee are inapposite . . . they do not stand for the proposition argued by the Trustee, i.e., that the Court should avoid ruling on nonconstitutional claims when it can fully dispose of the issues on a constitutional basis. That said, it is true that when a court acts without authority, including lack of subject matter jurisdiction, its rulings are void. As such, the Court's Section 505 jurisdiction ruling is arguably void. That does not mean, however, that the Court is rendering an advisory opinion or committing manifest injustice in making that ruling.
>
> The Section 505 jurisdiction issues were fully briefed by the parties after the completion of discovery. Both parties submitted arguments under Section 505 [and] the [Eleventh] Amendment. No party raised the issue before the Court today prior to filing the motion for reconsideration.
>
> The Court's opinion is doing nothing more than offering alternative bases to support its disposition of the issues presented by the parties. Making such alternative rulings is not extraordinary, even in the context of resolving constitutional or jurisdictional arguments.
>
> The case of Gudur v. Texas Department of Health[5] . . . is directly on point and persuasive. While such alternative rulings may be rare in constitutional cases, the Trustee has not cited one case finding that do so is improper.
>
> To excise the Section 505 jurisdiction ruling from the Court's opinion may lead to judicial inefficiency in the event an appellate court reverses this Court's [Eleventh] Amendment ruling.
>
> . . . [I]f the Court is affirmed on the [Eleven]th Amendment ruling, the Section 505 jurisdiction ruling may be void . . . .

(AA1675-77)

---

[5] *U.S. ex rel. Gudur v. Tex. Dept. of Health*, 2007 WL 788157 (S.D. Tex. Mar. 14, 2007).

8

Appellant urges this Court to reverse and remand the Bankruptcy Court's entry of the Order, Opinion, and the Denial Order, with instructions for the Bankruptcy Court to modify the Opinion to vacate the Jurisdictional Findings as void and/or as an impermissible advisory opinion. (D.I. 18 at 4-5) (citing Opinion at AA1697-98) In the alternative, Appellant argues that the Court should reverse the Bankruptcy Court on the merits of the Section 505 Findings. (*Id.* at 5)

## III. JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from a final judgment of the bankruptcy court pursuant to 28 U.S.C. § 158(a)(1). In conducting its review of the issues on appeal, this Court reviews the Bankruptcy Court's findings of fact for clear error and exercises plenary review over questions of law. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). The Court must "break down mixed questions of law and fact, applying the appropriate standard to each component." *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992). The issues presented here are questions of law, requiring *de novo* review. *Am. Flint Glass*, 197 F.3d at 80; *In re KiOR, Inc.*, 567 B.R. 451, 457 (D. Del. 2017) (district court reviews bankruptcy court's conclusions of law *de novo*).

## IV. DISCUSSION

In light of the Bankruptcy Court's finding that the Tax Dispute must be dismissed based on the SBE's asserted Eleventh Amendment sovereign immunity defense, the Section 505 Findings are void as a matter of law. However, the Court does not view them as part of an improper advisory opinion and will not order them excised.

### A. The Section 505 Findings Are Void as a Matter of Law

Federal Rule of Civil Procedure 60(b)(4), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024, provides that "the court may relieve a party or its

9

legal representative from a final judgment, order, or proceeding [if] . . . the judgment is void." *See also Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 n. 13 (11th Cir. 2009) ("[A] judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."). Here, the Bankruptcy Court accepted SBE's argument that it "has no jurisdiction to decide the Tax Dispute on state sovereign immunity grounds;" consequently, the Section 505/Jurisdictional Findings are void. *See La Paloma*, 588 B.R. at 701; *see also Marshall v. Bd. of Ed., Bergenfield, N.J.*, 575 F.2d 417, 422 (3d Cir. 1978) ("A judgment may indeed be void . . . if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered 'a decree which is not within the powers granted to it by the law.'") (*quoting United States v. Walker*, 109 U.S. 258, 265-67 (1883)).

In *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999), the Supreme Court instructed that "[j]urisdiction to resolve cases on the merits requires **both** authority over the category of claim in suit (subject matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them." The Court continued, "for [j]urisdiction is power to declare the law, and [w]ithout jurisdiction the court cannot proceed at all in any cause." *Id.* (citations omitted). It follows that once the Bankruptcy Court made a determination it lacked jurisdiction over the Tax Dispute, it was without authority to rule on the merits of the Tax Dispute under *Ruhrgas*, meaning the Section 505/Jurisdictional Findings are void.

SBE argues that the Bankruptcy Court made the Section 505/Jurisdictional Findings in connection with its determination of subject matter jurisdiction under Section 505, and its decision is not void for lack of jurisdiction. (D.I. 22 at 21, 23-24) "Faced with a sovereign immunity challenge and a subject matter jurisdiction challenge, both of which could end the

contested matter before it, the Bankruptcy Court properly addressed subject matter jurisdiction first." (*Id.* at 27) Because the Third Circuit has held that the limitation of section 505(a)(2)(B) is "jurisdictional," SBE cites several cases for the unremarkable proposition that a federal court always has the power to determine whether or not it has jurisdiction. (*Id.* at 24)

However, the Opinion goes beyond such a finding to engage in statutory interpretation and application of case law to consider, in large part, the proper outcome of the Tax Dispute. Even though, as SBE observes, "the Bankruptcy Court never reached the merits of the tax dispute" (D.I. 22 at 26-27), its findings – if binding and carrying the force of law – have the impact of reducing the Liquidating Trustee's potential tax refund recovery from SBE and/or Kern County from approximately $17 million to around $3.5 million. *See, e.g.*, *La Paloma*, 588 B.R. at 715 ("Although La Paloma has the right to a trial *de novo* in California state court and may expand upon the record established before the Board, it would be limited to seeking [approximately $3.5 million] before the SBE.").

SBE further argues that "there is a relevant exception to the general requirement that jurisdictional matters should be decided first." (D.I. 22 at 26) "[W]here a defendant argues that an action is barred by sovereign immunity, a federal court is not required to resolve that issue before adjudicating the merits of the action." (*Id.*) (citing *In re Hechinger Inv. Co. of Delaware, Inc.* 335 F.3d 243, 249 (3d Cir. 2003); *United States v. SCS Bus. & Tech. Inst., Inc.*, 173 F.3d 890, 891 (D.C. Cir. 1999); *Parella v. Ret. Bd. of the R.I. Employees' Ret. Sys.*, 173 F.3d 46, 53–57 (1st Cir. 1999)) This is true but does little to advance SBE's cause. Although the Third Circuit has stated that "a federal court is not required to resolve [the Eleventh Amendment sovereign immunity] issue before adjudicating the merits of the action" in every case, the Third Circuit has also recognized the general rule that "[w]hen subject matter jurisdiction is at issue, a federal court is generally required to reach the jurisdictional question before turning to the

11

merits." *Hechinger*, 335 F.3d at 249. Here, because the Bankruptcy Court found that it is without jurisdiction to adjudicate Appellant's request for a property tax refund as to SBE based upon the SBE's asserted Eleventh Amendment sovereign immunity defense, the Bankruptcy Court lacked authority to make the Section 505 Findings. *See also Larsen v. Senate of the Commw. of Pa.,* 152 F.3d 240, 245 (3d Cir. 1998) ("A court that is without proper jurisdiction cannot proceed at all, and must merely note the jurisdictional defect and dismiss the suit.").

The cases cited by SBE are distinguishable because they involved nonconstitutional merits arguments that completely resolved the controversies presented, making any analysis of the Eleventh Amendment sovereign immunity defense wholly unnecessary. *See, e.g., Hechinger,* 335 F.3d at 251 (dispensing with entirety of appeal based on Section 1146(c) merits argument, thereby avoiding need to address Eleventh Amendment defense); *Parella*, 173 F.3d at 53 (resolving entirety of appeal on merits, without reaching Eleventh Amendment defense, and noting, "[u]nder this circuit's practice, we have considered it permissible to defer an Eleventh Amendment question until after the merits were addressed, thus avoiding the Eleventh Amendment question entirely if plaintiffs lost on the merits") (internal emphasis omitted); *see also SCS Business*, 173 F.3d at 896 (resolving entirety of dispute by addressing merits and sidestepping the Eleventh Amendment constitutional issues altogether). Here, unlike in *Hechinger* or *Parella*, the Bankruptcy Court did not avoid addressing SBE's Eleventh Amendment sovereign immunity defense by taking up and fully resolving the merits of the Section 505 jurisdictional issue.

**B. Is the Opinion an Impermissible Advisory Opinion?**

Alternatively, Appellant argues that because the Bankruptcy Court ultimately concluded it does not have jurisdiction to adjudicate the Liquidating Trustee's asserted right to a property tax refund from the SBE, the Opinion did not resolve the parties' controversy; consequently, the

sections of the Opinion regarding the Section 505 Findings are advisory and, accordingly, should be vacated. It is, of course, correct that "[f]ederal courts have no jurisdiction to render advisory opinions." *In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 421 (3d Cir. 2013). But the Court does not view the Bankruptcy Court to have done anything improper here.

One key reason for the rule against advisory opinions is, as the Supreme Court has explained, that they may too easily be the product of reckless reasoning unmoored from an appropriately thorough and adversarial process:

> Such opinions, such advance expressions of legal judgment upon issues which remain unfocused because they are not pressed before the Court with that clear concreteness provided when a question emerges precisely framed and necessary for decision from a clash of adversary argument exploring every aspect of a multifaceted situation embracing conflicting and demanding interests, we have consistently refused to give.

*United States v. Fruehauf*, 365 U.S. 146, 157 (1961). This is not at all what occurred here. Nor did the Bankruptcy Court improperly opine about a hypothetical set of facts. *Cf. Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 649 (3d Cir. 1990) ("Construing a contract and making law without finding the necessary facts constitutes advisory opinion writing, and that is constitutionally forbidden. Any contest must be based on a 'real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'") (internal citation omitted)). Instead, as Chief Judge Sontchi explained, the Section 505 issues were fully briefed, after full discovery, and then argued before him – all before any party suggested he should abstain from reaching those issues in the event he was persuaded by SBE's Eleventh Amendment defense. (AA1675-77) La Paloma and the SBE have a real, concrete dispute, and all the facts and legal arguments were fully-developed before Chief Judge Sontchi addressed them.

13

Additionally, this Court appreciates the Bankruptcy Court's willingness to reach the Section 505 issues, notwithstanding its ultimate conclusion that it lacked jurisdiction to resolve them. This approach, in an appropriate case, does foster more efficient appellate review. If, for instance, this Court concluded that the Eleventh Amendment sovereign immunity issue was wrongly decided, and that subject matter jurisdiction to decide the Tax Dispute does reside in this Court, the parties could obtain an appellate decision all within the course of the instant, single appeal, because this Court would have been able to review the Bankruptcy Court's findings. If, instead, Chief Judge Sontchi had entirely refrained from addressing the Section 505 issues, this Court would likely have had no option other than to remand for further proceedings before him, in the event this Court had disagreed on the Eleventh Amendment issue. In short, the Court agrees with SBE that the Bankruptcy Court's decision is not an advisory opinion but, instead, "it is a ruling in the alternative addressing two jurisdictional issues that were ripe for consideration and hotly contested based on concrete facts." (D.I. 22 at 30)

Finally, it is worth noting that the Bankruptcy Court also did nothing that could be considered abusive of the parties or their resources in how it proceeded. Early in the case, SBE failed to raise any sovereign immunity argument in opposition to La Paloma's Determination Motion. (AA95-127) SBE raised other arguments, including that the Bankruptcy Court's jurisdiction over a technical tax dispute is permissive, not mandatory, and urging the Bankruptcy Court to permissively abstain. (AA98-101) SBE lost that argument (AA128-29), and accordingly, the Bankruptcy Court issued a Stipulated Order in May 2017 holding, among other things, "WHEREAS, the Court having jurisdiction pursuant to 28 U.S.C. § 1334 . . . this Court may enter appropriate orders and judgments including final orders with respect to the [T]ax [D]ispute" (AA130-33). SBE raised its sovereign immunity argument for the first time in its Summary Judgment Motion, filed on January 30, 2018. (B.D.I. 1040) The Bankruptcy Court

14

(like any federal court) is obligated at all times to consider its jurisdiction, *see Liberty Mutual Ins. Co. v. Wetzel,* 424 U.S. 737, 740 (1976), so there was nothing improper in that Court reaching a different conclusion as to its lack of jurisdiction following further briefing and argument. Moreover, as soon as the Bankruptcy Court heard argument on the Summary Judgment Motion, and seemingly came to think it might, in fact, lack jurisdiction, it continued trial until after it could resolve that motion. (B.D.I. 1111 at 110-11 (taking merits of sovereign immunity argument under advisement); *id.* at 116 (recognizing "there is a complete defense to the entire action that the Court is taking under advisement that may eliminate the action if we were to go forward with trial"); 116-17, 134 (adjourning trial))

For all of these reasons, the Court will deny La Paloma's request to order that the Section 505 Findings be excised from the Opinion.

### C. Whether Chief Judge Sontchi's Legal Rulings Are Correct on the Merits Is An Issue for Another Court on Another Occasion

Because the Bankruptcy Court did not have jurisdiction, and its Section 505 determinations are void – although they do not, in this Court's view, constitute an improper advisory opinion – it will be for another Court on another occasion to decide whether those findings are persuasive and correct. The effect of this Court's holding is that Chief Judge Sontchi's determinations – that, in effect, the maximum refund La Paloma may obtain is approximately $3.5 million rather than $14 million – is not binding, on this or any other Court. Whether his decisions are correct, and whether a Court in another proceeding will be persuaded to make them binding and apply them, is a matter that remains open and will be decided (if at all) by a Court with jurisdiction to do so.

There is no question that the Opinion did not finally resolve Appellant's entitlement to a property tax refund from SBE. If the parties want their Tax Dispute resolved, further

15

proceedings will be necessary, presumably in the California Superior Court. The Section 505 findings do not change the fact that Appellant's entitlement to a refund of the Property Taxes – the very relief that Appellant was seeking to be adjudicated in the Bankruptcy Court – still must be tried and adjudicated in another Court – and that Court will have to decide whether to reach the same conclusions as Chief Judge Sontchi did.

## V. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's Opinion's discussion of Section 505 is void and not binding. However, the Court is not persuaded it should Order the Bankruptcy Court to excise this discussion from the Opinion. An appropriate Order follows.

September 19, 2019  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT COURT